UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLIFFORD MACKRELL,<br><br>Defendant | Criminal Action No. 21-276-1 (CKK) |

MEMORANDUM OPINION AND ORDER
(April 3, 2023)

Before the Court is Defendant's [53] Motion for Transfer of Venue. Like myriad other defendants in January 6th cases, Defendant requests that the Court transfer this case to another district court, arguing that no impartial petit jury can be seated in this jurisdiction. Every single court of this jurisdiction has rejected at least one such request,[1] including this Court.[2] In its prior opinions, this Court has already rejected the vast majority of Defendant's arguments, and shall simply incorporate by reference its prior reasoning herein. *See United States v. Eicher*, Crim. A. No. 22-038 (CKK), 2022 WL 11737926 (Oct. 20, 2022); *United States v. Chwiesiuk*, Crim. A. No. 21-536 (CKK), 2023 WL 2562517 (Mar. 17, 2023). The only issue this Court has yet to address is the effect of certain polls of District of Columbia residents regarding their feelings on individuals charged with criminal offenses arising from the insurrection of January 6th. ECF Nos. 53-1, 53-2.

---

[1] *E.g.*, *United States v. Nassif*, Crim. A. No. 21-421 (JDB), 2022 WL 4130841 (D.D.C. Sept. 12, 2022); *United States v. Brock*, --- F. Supp. 3d ---, 2022 WL 3910549, at *5-6 (D.D.C. Aug. 31, 2022) (JDB) *United States v. Garcia*, Crim. A. No. 21-0129 (ABJ), 2022 WL 2904352, at *15 (D.D.C. July 22, 2022); *United States v. Bochene*, 579 F. Supp. 3d 177, 181-82 (D.D.C. 2022).
[2] *E.g.*, *United States v. Eicher*, Crim. A. No. 22-038, 2022 WL 11737926 (Oct. 20, 2022); *United States v. Chwiesiuk*, Crim. A. No. 21-536, 2023 WL 2562517 (Mar. 17, 2023).

These surveys are not new, and every court to address them has concluded that *voir dire* is necessary before transferring a case due to alleged prejudice in a jury pool.  *E.g.*, *United States v. Rhodes*, 610 F. Supp. 3d 29, 56-57 (D.D.C. 2022) (APM); *United States v. Brock*, --- F. Supp. 3d ---, 2022 WL 3910549, at *7 (D.D.C. Aug. 31, 2022) (JDB); *United States v. Rhine*, Crim. A. No. 21-687 (RC), 2023 WL 372044, at *4 (D.D.C. Jan. 24, 2023).  For the reasons stated in those decisions, the Court concludes the surveys cited again in this case do not warrant transfer.  As this Court has previously explained, relying wholesale on polling of uncertain methodological efficacy regarding January 6th as a whole is not an appropriate substitute for *voir dire*.  *See United States v. Haldeman*, 559 F.2d 31, 64 n.43 (D.C. Cir. 1976).  The Court will address the exact scope of *voir dire* at a later time.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [53] Motion for Transfer of Venue is **DENIED**.

**SO ORDERED**.

Dated: April 3, 2023

           /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge